Good morning, Your Honors. May it please the Court, Carlo Brooks, on behalf of the petitioner Carlos Alberto Castillo. At the Court's permission, I'd like to reserve two minutes for rebuttal. Your Honors, we are now at the agency's fourth bite at the apple in this case. Mr. Castillo was first placed in removal proceedings on May 21st, 2019, almost exactly five years ago from today. His position from the get-go has not changed, i.e., that he is not convicted of a sexual abuse of a minor aggravated felony. In fact, as the record demonstrates, on January 14th, 2020, the immigration judge in Adelanto, California, found exactly that and cited this Court's case law in support of her decision. She cited Estrada and Castro and said at the hearing that, and I quote, Now, for reasons unknown, instead of embracing her own reasoning and terminating the proceedings, she then stated that even though she was finding that Mr. Castillo was not convicted of a minor aggravated felony, that she was not inclined, for whatever reason, to quote-unquote flip another immigration judge's decision. And there she was referring to the prior determination by Judge Riley at 300 North Los Angeles Street before Mr. Castillo was transferred to Adelanto. And so this case could have ended there, should have ended there, and yet it went to the BIA, at which point the BIA applied the wrong standard by the government's own admission. The case went back to the BIA, and this time the BIA attempted to shore up its decision by reference to the case law, which this Court has clearly stated controls statutory rape offenses. In other words, it found that the California former Section 288AB2 is a categorical match to the federal. Do you agree that under the prior panel's decision in Castillo that Estrada Espinosa provides the relevant standard that we have to apply here? Yes, Your Honor. Estrada is the law of the land in the Ninth Circuit, and in fact the other… What are the issues, the elements of that particular test that you see in dispute here? Well, the elephant in the room with respect to why this is clearly not a categorical match is that the elements don't match. Which ones don't match? Okay, so textually, clearly, facially, the generic definition and the federal statute for which it was derived has a knowingly component. The California statute has no knowingly element. But the cases do suggest that there's a general intent requirement. That is what the government proposed in its brief. Is there a California authority that says it's like a strict liability offense, like Dodderwhite, that there's no scienter at all? Essentially, when one looks at the cases and one looks at the jury instructions, as we pointed out in our opening brief, no matter what the government says or what sort of court-crafted legal fiction it wants this court to read into the California statute, everything points to the fact that not only is it not a specific intent crime, that it's never been… There's a difference between specific intent and knowingly. Yes. And so why isn't a general intent crime in California, which describes a lot of them, why isn't that sufficient match to knowingly? Well, for several reasons, Your Honor. As we pointed out copiously in our briefing, the generic definition and the federal statute require an express finding that the defendant acted knowingly. There's no such requirement in the California statute. And there's absolutely no reason to jump to the conclusion or to presume that the word knowingly was added to the statute or crafted by the legislature haphazardly. Not all federal statutes have a knowingly element. Excuse me. By contrast, in California, there's absolutely no express – there's absolutely no requirement to make an express finding. Haven't we drawn the – this court has drawn the California court's assignment of general intent as a background principle to these? We've already incorporated that elsewhere. How do we distinguish this case? We have before looked at California case law to add a general intent requirement. Do you agree? Do other statutes? To be honest, in the cases – in the California state court cases, which the government cites, we perceive no obvious underlying general intent element, which equates to knowingly in California statutes. And I think this is best illustrated and exemplified if one looks at the burden of proof and the jury instructions. Now, the government argued in its brief that – it casted our argument as being that the generic definition requires specific intent. That was never our argument. What we're saying is that the California statute, unlike the federal statute and is set forth in the respective jury instructions, does not even require a guilty knowledge of the facts that make up the crime. And therefore, by definition, it is a strict liability statute. By contrast, the federal definition is not. At the very least, this is made obvious by the fact that it has the knowingly element and that there is an express federal affirmative defense, which one can present, as illustrated in the United States v. Holy Bull case, which we cited. But it's also in this court's comments and jury instructions. The defense is the defendant did not know the – did not have a guilty knowledge of the facts that make up the offense. And so, clearly, the California statute sweeps greater conduct into its ammendment. It exceeds the scope of the federal definition and of the federal statute. Now, all of the cases that follow Estrada, roughly around the same year, Palaio, Castro, not only point out that the California statute lacks the knowingly element. But they also point out this court's jurisprudence, which clearly states that only – only in terms of age differential, only under 14 is per se abusive. Therefore, the California statute cannot be characterized as a categorical match on any notion that the behavior – the conduct it describes is per se abusive. And what I'd like to point out, even though it's dismissed as dicta by the government, it's brief, this court in the United States v. Sullivan, roughly five years later after this line of cases, reaffirms all of this reasoning. It made it express finding that 288-82 is not a categorical match. That alone should be enough to find that Petitioner was not convicted of an aggravated felony. There's absolutely no reason why this court should depart from its reasoning in Sullivan, all the more so in that in Sullivan, the court did conduct a proper, tailored analysis. It engaged with the merits of that case. And therefore, despite any arguments that I make, this court can look to its own arguments and come to the same conclusion. Let me ask you a question about the motion to remand, which is whether we actually have jurisdiction to review that claim after our recent decision in Korea v. Garland, if you're familiar with that. To be honest, I'm not very familiar with that case. Okay. I would say that the remand, of course, our first position is that Mr. Castillo isn't convicted of an aggravated felony. Therefore, this court should order his proceedings terminated. However, he does have an approved I-130. He could readjust status because his initial adjustment was in this country. So this court's case of Negrete says that he can readjust. He shouldn't have to do that. Nevertheless, the agency certainly erred in declining to remand his case in the alternative, given that he has an alternative form of relief, which is not speculative. So that's our position on remand, which, honestly, we hope will not be necessary, but it's certainly a proper avenue for him to take. I believe I'm out of time. No, that's the time you wanted to save for rebuttal. Okay. I will save that time for rebuttal unless the court has any questions at this time. All right. Thank you. All right. And we'll hear now from Mr. Newell. Good morning. May it please the Court. My name is Craig Newell, and I'm here on behalf of the Attorney General. Mr. Castillo's conviction for the California offense of oral copulation with a person under the age of 16 categorically constitutes a sexual abuse of a minor aggravated felony, because the statute at issue here is a categorical match to this court's Estrada-Espinoza generic definition. The key element that's in dispute is the generic mens rea requirement of knowingly. Now, that knowingly mens rea for the generic definition equates to a general criminal intent, and this California statute at issue here satisfies that intent, even though it's not expressly within the statutory language. The statutory language is where we begin our inquiry. It's not where we end it. We need to look to see how the California courts have interpreted their own statutes, and here we have precedent from the California Supreme Court and California Court of Appeals saying that this crime is a general intent crime. Another question. Given the details of how the statute defines the actus reus, is it possible to commit that actus reus without awareness of what one is doing? Is it possible? No, I think – I mean, this is one where the knowledge is built in. If you're doing the act, you know you're doing it because it's described in a very specific way. Whereas, you know, there are lots of times where you could do something that's ambiguous and the scienter is going to determine whether it's on the right side or the wrong side of the line. Is this a case where it's just intrinsic in the action that there is a minimum level of knowledge, scienter? Yes, there is, Your Honor. It describes an act that you would have to intend to do. You do not need to know that it's illegal. And this is – if you look at the California case law, like Hood and Davis, say that when one of their statutes, one of California's statutes, just prohibit you from doing a clear act like this, you know, and it doesn't ask any kind of intent to commit something further or to cause – your intent to – you have a purpose to cause some kind of result. Those type of crimes, the courts read in an intent to commit that act alone but not an intent to break the law. It's a general criminal intent. And that's what we have here. There's no daylight between what is required for the Estrada-Espinosa generic definition as to mens rea and what's required under this California statute. How do you distinguish Sullivan? Okay. Sullivan is – the court in Sullivan, in passing, did say that this statute lacks a mens rea. And so it's not a categorical match. But it did that in passing, and it was not necessary for its resolution. That – Sullivan dealt with sentencing enhancements that require – that you have sentencing enhancements if you have had a past state offense that relates to sexual abuse. So when you're doing the categorical inquiry with a relating to statute, you're not doing this very strict elements-to-elements matching. You're just asking whether the conduct prohibited by the state statute, whether it goes something – bears any relation upon, is it associated with sexual abuse. It's a broader kind of inquiry. And so the court found in Sullivan that it was a – that this statute is a match upon that broader inquiry. But it didn't need to do that – make that prior cursory statement. And if you look at it, to make that resolution, you need to do more than just look at the statutory text. You need to look at how the California courts interpret the statute. It's the authoritative sources of state law as the Supreme Court's Mathis decision instructs us to look at. And you look at decisions such as we cited Vasquez-Borres was a case where there was a California forgery statute. The statute on its face does not have an intent to defraud. And so the petitioner there said, hey, this doesn't have an intent to defraud. It can't be a crime involving moral turpitude then. But the California case law was clear that California says, you know, this crime requires an intent to defraud, even though it's not written in the plain language. And so this court, when looking to – when doing the categorical approach with a state offense, needs to follow how the states interpret its law. And that's what it should do here and find the categorical match between the Estrada-Espinoza generic definition and this statute. What about Palaio Garcia? Okay, Palaio Garcia involves a different California statute. So each statute needs to stand on its own, you know, on its own grounding. And here we have clear case law saying there's a general criminal intent for this particular statute. Regarding Palaio, at the time, there may have been no case law. What is interesting, though, is in Mr. Castillo's reply brief, he implicitly acknowledges that the crime in Palaio, the 261.5d, is a general criminal intent crime because there was a 2010 decision from the California Court of Appeals, so that's one year after Palaio, in which it said 261.5d is a general intent crime. So unfortunately, Palaio was based on a misunderstanding of California law, but here this Court won't have to fall into that trap because we have a line of California precedent showing that this is a general intent crime and not a strict liability crime. Even if you look at how California considers what is a strict liability crime versus general intent crime, the people v. Simon case, strict liability crimes, they're usually misdemeanors. There are public welfare crimes that are regulatory in nature, trying for the whole society as a whole, where this is a crime that involves a protected class of victims, imports that the legislature finds this to be wrong, that should be punished, not just regulated. And so in those situations, general criminal intent is much more appropriate, and that's why the courts did what they did. The only other point in reference to my colleague on the mens rea issue is his reliance on the jury instructions. Yes, the California jury instruction for this crime doesn't mention the mens rea, but in preparation for this oral argument, I looked at the whole California pattern of criminal jury instructions, and they have specific jury instructions for mens rea. There's one that says, use this if it's a general and criminal intent crime. Use this if it's a specific intent crime. And also in the hierarchy of what's an authoritative source of state law, a decision from obviously the California Supreme Court or its intermediate court is higher up than a jury instruction. As to the other issue, the motion to remand, that is because the criminal alien jurisdictional bar applies here, he may only raise a constitutional or a legal challenge to it. He has shown no legal error in it. The board was presented with, once again, evidence of a pending immediate relative visa petition. The question was asked and answered in the past case. The court says, no, you need an approved visa petition to show at least prima facie eligibility, and he never put forth such evidence before the board, and it wasn't the board's job as a neutral adjudicator to search for evidence or make arguments on behalf of a litigant. If there are no further questions, I appreciate the panel's time. Thank you, Your Honors. Thank you, counsel. Next we'll hear rebuttal from Mr. Brooks. All right. Fortunately, I have a lot of points to address, but I'll address them quickly. On the issue of Sullivan, this suggestion was made in response to answering brief as well, that somehow the analysis was different because the statute involved a relating to aspect. I invite the court to take a look at Sullivan at 637. The court meticulously compares the elements, meticulously applies Taylor. The relating to aspect does not even enter the picture at that stage of the analysis. So, frankly, to suggest that the analysis was somehow different in Sullivan is, I hate to say, disingenuous, and I think this court will find that with ease itself. As to the idea of there being an intrinsic mens rea or actus reus, that's why we cited the Holy Bull case, and I'm sure there are many others like it. That illustrates that a federal court will entertain a defense which says, I did not know what I was doing. Simply in that case, the defendant was found to not have sufficient evidence to prove that, but the court entertained it and didn't reject that notion. That shows that there is no built-in actus reus. Last, with respect to general and specific and felony versus misdemeanor, we cited the Johnson case, which says that the level of punishment has nothing to do with specific versus general. It has to do with policy, and the policy is around avoiding pregnancy and things of that nature. And so there is nothing to be distinguished between the statutes on that ground either. Last, with respect to the remand, I will only say that we now have submitted unchallenged proof that the I-130 visa petition is approved. Whether it wasn't approved then or not, whether the court needed to verify that, I'll pass on that issue. I just wanted to clarify that it is approved. And with that, I'll conclude, unless the Court has any further questions, and beseech this Court to find that Mr. Consiglio is not convicted of an aggravated felony and order the termination of his proceedings. Thank you. Thank you, counsel. Thank both counsel for their arguments in this case. And the case just argued is submitted, and that concludes our session for today. All rise. Hear ye, hear ye. All persons having had business with the Honorable United States Court of Appeals for the Ninth Circuit will now depart for this session. Now stands adjourned.
judges: COLLINS, THOMAS, JOHNSTONE